### BIXLER v. DOLIEVE. (No. 6608.)

(Court of Civil Appeals of Texas. Galveston. May 6, 1914.)

SALES (§ 119*) — CONTRACTS — RIGHTS OF BUYER.

A contract of sale of jewelry, described as solid gold and filled or rolled gold, which provides that at any time within a certain limit the seller will, on receipt of any of the goods bought, exchange them for any other goods in stock, that if at any time an article purchased proves unsatisfactory it must be promptly returned, and the seller will replace it with a new one, and that, should the retail sales total less than the whole of the purchase, the seller will repurchase, at the wholesale price, the goods remaining unsold on specified conditions, does not deprive the buyer of the right to repudiate the contract in its entirety for the failure of the seller to deliver the kind of goods ordered, and he need not accept and pay for goods which do not conform to the order, and rely solely on the contract as his remedy for a breach by the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 293; Dec. Dig. § 119.*]

Appeal from San Jacinto County Court; E. W. Love, Judge.

Action by Miles F. Bixler against J. M. Dolieve. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Wm. McMurrey, of Cold Springs, for appellant.

PLEASANTS, C. J. Appellant brought this suit against the appellee to recover the agreed purchase price of an assortment of jewelry sold by him to appellee. The suit, which was for $198, was brought in a justice's court. The defendant answered by pleas of fraud and misrepresentation and breach of warranty, and by plea in reconvention sought to recover damages against plain-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

tiff in the sum of $175. A trial in the justice's court resulted in a judgment in favor of defendant on plaintiff's demand, and in favor of plaintiff on defendant's claim for damages. Plaintiff appealed to the county court, and upon a trial de novo in that court the following judgment was rendered:

"This day came the parties by their attorneys and submitted the matter in controversy, as well of facts as of law, to the court; and the evidence and the argument of counsel having been heard and fully understood, the court is of the opinion that the facts as well as the law is against the plaintiff and in favor of defendant. It is therefore considered, adjudged, and decreed by the court that defendant, J. M. Dolieve, go hence without day, and recover of plaintiff, Miles F. Bixler, all costs in this behalf expended, for which he may have his execution. It further appearing to the court by the answer of defendant to plaintiff's original petition that the defendant, J. M. Dolieve, tenders to plaintiff the return of the property in controversy, it is therefore considered, adjudged, and decreed by the court that plaintiff, Miles F. Bixler, have and recover of defendant, J. M. Dolieve, the property in controversy, for which he may have his execution."

The contract for the purchase of the goods was evidenced by an order, signed by the appellee and appellant's agent. This order, after setting out a list of the jewelry to be sent appellee, many of the articles in said list being described as solid gold, and others as filled or rolled gold, contains the following provisions:

"Exchange Privilege.—At any time within 18 months we will, upon receipt of any goods purchased of us, exchange them, dollar for dollar, for any other goods in our stock.

"Warranty.—If at any time, for any cause, an article purchased of us proves unsatisfactory, it must be promptly returned, and we will replace it with a new one free of charge.

"Sales Insurance.—Should the retail sales from these goods in 12 months' time total less than the whole sale amount of this order, we will repurchase, at the wholesale price, the goods remaining unsold, on condition that purchaser will keep the goods displayed 12 months, and use reasonable effort to sell them, and send us within the first five days of every alternate month an invoice of the goods then on hand. Customers not desiring this protection may omit these requirements."

The amount agreed to be paid for the jewelry, as stated in the order, was $198.

The evidence sustains the finding of the trial court that none of the articles shipped by appellant to appellee were gold, and when appellee discovered, soon after the jewelry was received, that the articles which made up the assortment were not as represented by the agent of appellant who took the order, and as described in the order, he notified appellant that he would not accept the jewelry, and offered to return the shipment and pay appellant for the few articles he had sold before he discovered the breach of warranty as to the material of which the goods were made. Appellant refused to take the goods back, and they have remained in appellee's possession, and he has sold some of them; the exact amount of such sales not

being shown. No evidence was offered by appellee sustaining his claim for damages.

We shall not discuss appellant's assignments of error in detail. Most of them are not followed by a sufficient statement to entitle them to consideration.

We do not think the covenants and agreements in the contract of sale before set out should be regarded as limiting appellee's right to repudiate the contract in its entirety because of the failure of appellant to ship him the kind of goods ordered. The agreements as to the exchange and return of goods which might not prove satisfactory were intended to apply to goods of the kind ordered, and if, as found by the trial court, defendant shipped appellee brass jewelry, instead of gold, as the contract required, appellee would not be required to accept and pay for such goods and rely solely upon the agreements for exchange set out in the contract as his remedy for such breach of warranty.

But, the evidence having shown that appellee had sold a portion of the goods after appellant had refused to take them back, he is clearly liable to appellant for the value of the goods sold by him. The evidence as to the value of the goods sold is not sufficiently definite to enable us to render a judgment therefor in favor of appellant, and for this reason the judgment is reversed, and the cause remanded.

Reversed and remanded.